WOLF, Judge.
Aultman, an inmate at Gulf Correctional Institute, challenges the denial of his petition for writ of mandamus, which seeks to direct the respondent, the Department of Corrections (DOC), to expunge a disciplinary report from his record. We find that the trial court erred in denying the petition where DOC failed to properly process appellant’s grievance. We, therefore, direct the trial court to enter an order requiring DOC to properly respond to the informal grievance filed by appellant, and to allow him to proceed with the grievance procedures outlined in chapter 33-29 of the Florida Administrative Code, if he desires to do so after receiving the response from DOC.[1]
On August 13, 1995, appellant received a disciplinary report for possession of contraband. On August 26, 1995, the appellant filed an informal grievance with Mr. Solomon, the assistant superintendent, stating that the disciplinary report wrongfully punished appellant for voluntarily “doing the right thing” — taking his wife’s sunglasses to Sergeant Yon when she left them in the visitor’s park after a visit. The grievance asked that the disciplinary report be expunged from his record.
Mr. Solomon responded to appellant’s informal grievance as follows:
I am reviewing your complaint and have a copy of your D.R. Sergeant Yon is on vacation until 9/25/95. I will respond after I talk to him upon his return. In the meantime, be patient.
The response is dated September 5,1995.
On December 1,1995, nearly three months later, the appellant filed another grievance addressed to the superintendent, in which he repeats the grievance he filed in August.
Mr. Solomon rejected appellant’s December 1st grievance as follows:
Time frame for filing a formal grievance (F.A.C.33-29.001) expired on 9/15/95. Grievance returned ...
In order for you to receive administrative review of your complaint, you must correct this defect and resubmit your grievance within the time frame set forth in chapter 33-29.001(2)(a).[2]
On December 29, 1995, the appellant filed another grievance, this time with the secretary of the Department of Corrections, apparently in an effort to correct the time frame defect. In that grievance, appellant references the response to his initial grievance in which he was told to “be patient” until the assistant superintendent could talk to Sergeant Yon:
I was “patiént” for three months before filing the formal grievance, which was returned because I was too “patient.”
The secretary’s representative, Angela Graham, rejected appellant’s December 29th grievance as follows:
Your grievance appeal to this office is in noncompliance with chapter 33-29, inmate grievance procedure, because you faded to follow instructions you received at the institution/faeility level before processing your appeal to this office.
It is noted, you had ample time to utilize the grievance process.
Based on the foregoing-information, your grievance appeal is being returned.
On February 7, 1996, appellant filed a petition for writ of mandamus in the circuit court, asserting that he was denied due process and that the instruction to “be patient” *1006 given to him in response to his August 26, 1995, grievance constituted an abuse of the grievance system by causing him to wait until the time frame had expired before the next step of the grievance process could be Used.
As set forth in chapter 33-29, the procedure for filing an inmate grievance begins with an informal grievance filed pursuant to rule 33-29.005, to which DOC is required to respond within 10 days (pursuant to rule 33-29.011(3)(a)).[3] According to rule 33-29.011(l)(b)l., a petitioner then has 15 days from the date on which the informal grievance was responded to in which to file a formal grievance pursuant to rule 33-29.006. Under rule 33-29.007, only after the formal grievance procedure may an inmate appeal to the office of the secretary if he does not believe that his grievance has been satisfactorily resolved.
DOC’s only response to appellant’s August 26, 1995, informal grievance was noncommittal and did not appropriately respond to the grievance as required by the rules. Instead, the response was postponed until Sergeant Yon returned from vacation on September 25,1995, and DOC never followed up. Thus, appellant did not receive anything from DOC to trigger the 15-day period for filing his formal grievance. The time frame for filing a formal grievance could not have expired on September 15, 1995, as stated by DOC. Because there was no appropriate response to appellant’s informal grievance, the time never began to run for appellant to file his formal grievance.
DOC also failed to properly respond to the informal grievance requirements of rule 33-29.005 in other respects. The 1995 amended rule 33-29.005(4)(b), which applies to this ease, requires that the recipient of an informal grievance shall state whether the grievance is “approved,” “denied,” or “returned without action,” and “shall also state the reason or reasons.” Further, the applicable 1995 amended rule states that if an informal grievance is denied, the DOC is required to include in the response instructions for inmates on how they may obtain further administrative review of the complaint and how they may appeal. See Fla. Admin. Code R. 33-29.005(4)(d) (1995). DOC’s response to appellant’s informal grievance fails to comply with the requirements of rule 33-29.005.
DOC is, therefore, required to appropriately comply with chapter 33-29, to give appellant an adequate response to his informal grievance, and to provide an opportunity for appellant to pursue the subsequent grievance procedures available to him.
JOANOS, J., and SMITH, LARRY G., Senior Judge, concur.

. Chapter 33-29 of the Florida Administrative Code, contains the inmate grievance procedures for the Department of Corrections.

. The reference to rule 33-29.001(2)(a) appears to be an error. The applicable rules do not have any reference to a time frame in that section. It appears that the reference was intended to be to rule 33-29.01 l(2)(a) which, prior to the 1995 amendments to the rules, was the requirement that a formal grievance be received no later than 15 days from the date on which the informal grievance was responded to. In the 1995 amended version of chapter 33-29, the version which applies to the appellant's grievance process, that requirement is found in rule 33-29.011 (l)(b)l.

. Chapter 33-29 was amended in January 1995 to essentially the same form it is in now; the 1995 amended version which is referenced in the text is applicable to the appellant’s 1995 grievance. Upon comparison of the old and new versions of the rules, it appears that DOC was using the 1992 outdated version of the rules rather than the applicable 1995 amended version at the time of the appellant’s grievance process.